IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROSEMARY L. JIMENEZ | * |
| | * |
| v. | * Civil No. JFM-06-1446 |
| | * |
| JO ANNE B. BARNHART, ET AL. | * |

*****

MEMORANDUM

Plaintiff has brought this *pro se* action for employment discrimination. Defendant has filed a motion to dismiss or for summary judgment. This court granted an extension for plaintiff to respond to the motion. Thereafter, after being advised of the consequences of a failure to do so, plaintiff did not file a substantive response to the motion. Instead, she filed a series of motions of her own: a "Motion for Judgment on Extension of Time Request By Defendant," a Motion for Judgment on Filed Default Motions, a Second Request for Entry of Default by the Court, and a Second Motion for Default Judgment.

The motions filed by plaintiff are frivolous and will be summarily denied. Defendant's motion will be granted. Following is a brief statement of reasons for that ruling.

1. <u>Claims Against Linda M. Springer</u>

Linda Springer is the Director of the Office of Personnel Management. Plaintiff appears to allege that in her capacity as Director, Springer was under a mandatory duty to review the decision of the Merit Systems Protection Board ("the MSPB") that was adverse to plaintiff. In fact, under 5 U.S.C. §7703(d) the Director has *discretionary* authority to seek review of an MSPB decision, and she is to exercise that authority only when she concludes that "the Board erred in interpreting a civil service law, rule, or regulation affecting personnel management and

that the Board's decision will have a substantial impact on a civil service law, rule, regulation, or policy directive."

2. Claims Against Neil Anthony Gordon McPhie

Neil Anthony Gordon McPhie is apparently sued in his official capacity with the MSPB. The only allegation against the MSPB and McPhie is that the decision rendered by Administrative Law Judge Michael T. Rudisill was erroneous. Under 28 U.S.C. §1295(a)(9), the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over an appeal from a final order or final decision of the MSPB. Self-evidently, section 1295(a)(9) cannot be circumvented by challenging an MSPB decision in a suit brought in a United States District Court against the MSPB or one of its officials.

3. Claims Related to Plaintiff's Removal From Federal Service

Plaintiff alleges that her removal from federal service was improper because (1) it was in retaliation for her having filed civil rights claims, and (2) it was procedurally improper. To the extent that plaintiff desired to challenge the MSPB's findings adverse to her on both these grounds, she was required to file her claim in a United States District Court within 30 days after the MSPB's decision became final. She did not do so. If she desired to contest only the MSPB's decision on non-discrimination issues, she was required to seek review by the United States Court of Appeals for the Federal Circuit within 60 days after the MSPB's decision became final. Although she eventually did pursue an appeal with the Federal Circuit, the Federal Circuit found the appeal to be untimely. Again, it is a self-evident that it is beyond the jurisdiction of this court to review a decision of the Federal Circuit.

4. Apparent Claim for Judicial Review of Plaintiff's 30 Day Suspension

It is not entirely clear whether plaintiff is asserting a claim in connection with a 30 day suspension that was imposed upon her. If she is, the claim is barred because she did not appeal the decision of the Social Security Administration adverse to her on that issue to the MSPB. *See generally Brown v. General Services Admin.*, 435 U.S. 820, 832 (1976).

    5. Apparent Claim Regarding Plaintiff's Being Charged 72 Hours of Leave Without Pay

It is unclear whether plaintiff is asserting a claim for her being charged 72 hours of leave without pay. Again, however, assuming that plaintiff is asserting such a claim, nothing in the record suggests that plaintiff ever filed a formal complaint of discrimination regarding the matter.

    6. Apparent Claim Regarding the Issuance of a Performance Assessment Plan to Her

Any claim that plaintiff may be asserting with regard to the issuance of a Performance Assessment Plan to her fails because the issuance of the Plan was not a "ultimate employment decision" of the type necessary to give rise to a discrimination claim. *See, e.g., Page v. Bolger*, 645 F.2d 227 (4th Cir. 1981). Moreover, although ultimately the Agency did find that plaintiff had significant and repeated performance problems while on the Plan, plaintiff's removal from federal service was based upon inappropriate conduct in the workplace and for being absent without leave.

A separate order effecting the rulings made in this memorandum is being entered herewith.

Date: *December 20, 2006*

J. Frederick Motz
United States District Judge